THOMPSON, Respondent, vs. AMERICAN WRITING PAPER COMPANY, Appellant.

*October 26—November 15, 1910.*

*Master and servant: Dangerous machinery: Negligence: Proximate cause: Contributory negligence: Questions for jury: Changing verdict.*

In an action by an employee in a paper mill whose hand was caught and crushed between two rolls, one of which he was cleaning by applying a cloth to it after he had started the machine for that purpose, it is *held* upon the evidence that neither the alleged negligence in failing to warn plaintiff that the speed of the rolls was for a few seconds gradually accelerated after the machine started, nor any other negligence of defendant, had any causal relation to the injury, and also that plaintiff was guilty of contributory negligence in operating the machine as he did.   A verdict for defendant should therefore have been directed, or the answers in a special verdict finding defendant negligent should have been changed by the court.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge.   *Reversed.*

Plaintiff was injured by reason of his right hand being caught and crushed between two rolls in the defendant's mill. The rolls in question were set in an upright frame, one above the other, and were about eighteen inches in diameter and four or five feet long and made about sixteen revolutions per minute when running at full speed, or ran about seventy-five feet. The rolls were set about five eighths of an inch apart. The top of the lower roll protruded slightly above the table in front of the machine, behind which the operator stood when at work. Plaintiff was operating the machine when injured, and it was his duty to pass books of paper between the rolls. These books are loose sheets put up in book form. They are run several times between the rolls, and subjected to great pressure for the purpose of giving the paper a smooth linen finish. The operation is carried on by laying the book on the table of the machine in front of the rolls and then pushing a hand lever which throws a belt onto an active pulley which starts the rolls. The book is pushed over the table so as to come in contact with the rolls and is then caught by them and carried between. The hand lever is then pulled back, which throws off the outer belt, and an inner one is thrown onto an active pulley and the rolls instantly reverse and bring the book back. After the book is passed several times between the rolls in this way, it is laid aside and the same process is gone through with another one.

Plaintiff had run the machine continuously for one day before he was injured. On the morning of the second day he observed some dirt on one of the rolls and proceeded to remove it, first stopping the machine and getting a cloth, which he held in his right hand, then with the same hand moving the lever which started the machine, then placing the cloth on the lower roll so as to remove the dirt while the roll was in motion. In so doing his hand was caught and he was injured. Plaintiff testified that he had been warned by his foreman that he must remove all dirt from the rolls. Whether he was told to

do so by starting the machine and holding a cloth against the part of the roll to which the dirt had adhered is not clear, and appears, if at all, by inference rather than by any direct evidence. On the day before his injury he had cleaned the rolls a couple of times. Prior to working at the machine on which he was injured he had worked about a month on a stack calender. This consisted of eleven rolls, one resting upon the other, between which paper was passed while being finished, and the testimony tended to show that the principal work of the plaintiff consisted in passing the paper between these rolls of the stack calender. Plaintiff had no other experience in working in paper mills. He lived on a farm until he was twenty years of age, and then did various kinds of work as a common laborer before entering the defendant's employ. He was past twenty-two years of age at the time of the injury.

The complaint alleged that as to the plaintiff the machine had a secret hidden danger, in that when the lever was pushed to start the rolls they started slowly, and thereafter, without apparent reason, greatly increased their speed, and that it was because of such increase in speed that plaintiff's hand was drawn into the machine; and that defendant was negligent in not warning plaintiff of this hidden danger. The jury returned the following special verdict:

"(1) Did the fact that the machine did not start instantly at full speed, but had a momentary and gradual increase, render it more dangerous to the operator than if it had started instantly at full speed? A. Yes.

"(2) If your answer to the first question should be 'Yes,' then answer this: Ought the plaintiff by the exercise of ordinary care to have discovered that the machine so operated, and was thereby rendered more dangerous, before his injury? A. No.

"(3) If your answer to the first question should be 'Yes,' then answer this: Was the defendant negligent in not informing the plaintiff that the machine did not start instantly at full speed? A. Yes.

"(4) If you should answer the third question 'Yes,' then

answer this: Was said negligence the proximate cause of the plaintiff's injury? *A.* Yes.

"(5) If you should answer the fourth question 'Yes,' then answer this: Had the rollers reached their full speed before the plaintiff began to clean the lower roller? *A.* No.

"(6) If your answer to the fifth question should be 'No,' then answer this: Did any increase in the speed of the rollers from the time the plaintiff put his hand on one of them, and the time his hand was caught, contribute to producing his injury? *A.* Yes.

"(7) If your answer to the fifth question should be 'No,' and your answer to the sixth question 'Yes,' then answer this: Ought a man of ordinary intelligence and prudence in defendant's position to have reasonably anticipated that if the plaintiff was not informed of the fact that said machine did not start instantly at full speed, some such injury as he sustained would result to him, from his ignorance of that fact? *A.* Yes.

"(8) Did any want of ordinary care on the plaintiff's part contribute proximately to his injury? *A.* No.

"(11) What amount of money will compensate the plaintiff for his injury? *A.* $4,625."

From judgment entered on the verdict defendant brings this appeal.

The trial court, in his opinion on the motion to change the answers of the jury to certain questions in the special verdict and for judgment thereon in favor of the defendant, stated, among other things, that the fact that the rolls did not start instantly at full speed "had nothing to do with the cause of the injury." He further stated that he refused to grant the motion because he thought that the supreme court, or a majority of the members of that court, would hold that the evidence presented questions for the jury.

For the appellant there was a brief by *Martin, Martin & Martin,* and oral argument by *P. H. Martin.*

For the respondent there was a brief by *Minahan & Minahan,* and oral argument by *V. I. Minahan.*

BARNES, J.   As soon as the belt was applied to the pulley which moved the rolls they immediately started to turn at the rate of twelve revolutions per minute.   The speed increased gradually while the rolls were making from one third to one half a revolution, when the maximum speed of sixteen revolutions per minute was attained.   The lever which shifted the belt on the pulley that turned the rolls was operated by plaintiff with the hand that was injured.   Before applying the cloth to the roll he had to release the lever.   The application was therefore made after the rolls had been set in motion.   The jury might have found that such application was made at some time during the three or four seconds that elapsed between the starting of the rolls and the time they attained their maximum speed.   At what time, the evidence does not disclose.   The plaintiff admits that he fully appreciated the danger to be apprehended from the rolls when moving at full speed.   In order to return the verdict which it did the jury must have found either that the machine was more dangerous when the rolls were running at a low rate of speed than when they were running at their ordinary rate, or that it was more dangerous while the speed of the rolls was being gradually accelerated within the limits named than it was after they had attained their normal running speed.   There was no evidence in the case to support either hypothesis. The verdict at best is the result of mere speculation or guesswork, and the conclusions reached approach closely to the border line of the nonsensical, if indeed they stop there.   No claim is made that there was any jerking movement after the belt was applied to the pulley or that the increase in speed was not gradual and uniform.   The evidence wholly failed to show any causal relation between the negligence alleged and the injury suffered, and there is no evidence tending to show that defendant was guilty of any negligence whatever which had anything to do with the injury.   Furthermore, we see no escape from the conclusion that the plaintiff was guilty of contributory negligence.   The case was not one where a sud-

den emergency had arisen which required the servant to act. quickly, and where, because he was required to act without deliberation, he chose a dangerous method of doing his work where a safe one was open to him. It was not necessary to operate the rolls at all in order to clean them. Plaintiff seeks to escape from this dilemma by saying that he was instructed to clean the rolls while they were in motion. Conceding this to be true it does not help him. He does not claim that he was instructed to so operate the machine that his hand would be dragged into the rolls if it came in contact with them. It was perfectly obvious that if the rolls were run in the opposite way he could not possibly suffer any injury by contact with them, and the plaintiff either knew or in the exercise of ordinary care should have known of this fact. There is no claim that it made any difference whatever with the cleaning process which way the rolls were set in motion.

A verdict should have been directed for the defendant. Failing to do this, the answers to the questions relating to negligence on the part of the defendant should have been changed on motion of the defendant, and judgment rendered in its favor.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment dismissing the complaint.